IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOSE ALFREDO MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 07-438-S-BLW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| JOHN HARDISON, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Docket No. 9.) Petitioner has not filed a response to the Motion, and the time to do so has now passed. The Court has determined that the decisional process will not be aided by oral argument, and this matter shall be resolved on the record. D. Idaho L. Civ. R. 7.1(d)(2).

Because the Petition is untimely, Respondent's Motion will be granted and this case shall be dismissed.

## BACKGROUND

In 2000, Petitioner pled guilty to a charge of battery with intent to commit lewd conduct with a minor under sixteen, and the state district court sentenced him to fifteen years in prison with the first ten years fixed. The judgment was entered on February 20, 2001, and Petitioner did not appeal. (State's Lodging A-1.)

**Memorandum Decision and Order - 1**

On June 20, 2001, Petitioner filed a motion to reduce his sentence under Idaho Criminal Rule 35, which the district court denied. His subsequent appeal was dismissed because the notice of appeal was not timely. (State's Lodging B-5.)

While the Rule 35 appeal was still pending, Petitioner submitted an application for post-conviction relief. (State's Lodging C-1, pp. 1-3.) The district court dismissed the application, and Petitioner's appeal from that decision was also dismissed because he failed to lodge an opening brief. (State's Lodging D-8.) Before those appellate proceedings were complete, however, Petitioner filed an "amended" post-conviction petition in the lower court. The court ultimately denied relief in this collateral action, and the Idaho Court of Appeals affirmed in a new appeal. The state court matter was final upon the issuance of the Remittitur on August 18, 2006. (State's Lodging F-12.)

Over one year later, on October 3, 2007, Petitioner commenced this federal habeas action.[1] In response to the Petition, Respondent has submitted a Motion for Summary Dismissal, arguing that the Petition must be dismissed because it was not timely filed and because the claims were not raised in the Idaho Supreme Court and are now procedurally defaulted.

---

[1] For purposes of this opinion, the Court will apply the "mailbox rule" and assume that Petitioner filed the Petition when he claims he deposited it in the prison mail system, rather than when it was received by the Clerk of Court.

**Memorandum Decision and Order - 2**

For the reasons that follow, the Court agrees with Respondent that the Petition is not timely.  It will be dismissed on that basis, and the Court will not reach Respondent's alternative argument for dismissal.

## STANDARD OF LAW

This habeas case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) (enacted in 1996).  Under AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common event is the date upon which the judgment became final in state court, either after direct appeal has concluded or after the time for seeking an appeal expired.  28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This is known as "statutory tolling."

The limitations period may also be tolled for fairness reasons when extraordinary circumstances prevented the petitioner from filing on time ("equitable tolling").  *Shannon v. Newland*, 410 F.3d 1083, 1089-90 (9th Cir.

**Memorandum Decision and Order - 3**


2005). A litigant seeking equitable tolling bears the burden of establishing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005)

## DISCUSSION

Petitioner did not file a direct appeal after the entry of judgment in state court on February 20, 2001. Therefore, the judgment became final for purposes of the habeas statute of limitations on April 3, 2001, when the time for filing an appeal expired under Idaho law. Idaho Appellate Rule 14(a) (42 days from the entry of judgment). The limitations period ran unabated for 78 days until Petitioner filed his Rule 35 motion on June 20, 2001.

Assuming that the period was then statutorily tolled during the entire time that Petitioner's Rule 35 motion and his subsequent post-conviction actions were pending, it began running again when the Idaho Court of Appeals issued its final Remittitur on August 18, 2006. At that point, Petitioner had 287 days in which to apply for federal habeas relief (365 days - 78 days already elapsed = 287). The statute of limitations therefore expired on June 1, 2007, and Petitioner's filing on October 3, 2007, is nearly four months late.

Petitioner has not offered any extraordinary circumstances that would qualify him for equitable tolling, and the Court has reviewed the record and found

none.  Accordingly, Respondent's Motion will be granted, and this case shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 9) is GRANTED.



DATED:  **April 28, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**